UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JONEE FONSECA, an individual parent and guardian of ISRAEL STINSON, a minor Plaintiff,<br><br>Plaintiffs,<br><br>v.<br><br>KAISER PERMANENTE MEDICAL CENTER ROSEVILLE, DR. MICHAEL MYETTE M.D. and DOES 1 through 10, inclusive,<br><br>Defendants. | Case No. 2:16-cv-00889-TLN-EPG<br><br>**ORDER** |

Pursuant to Rule 65(b) of the Federal Rules of Civil Procedure, Plaintiff Jonee Fonseca, an individual parent and guardian of Israel Stinson, a minor, ("Plaintiff") filed an application for a temporary restraining order and injunctive relief.  (ECF No. 1.)

"A plaintiff seeking a preliminary injunction must establish [1] that he is likely to succeed on the merits, [2] that he is likely to suffer irreparable harm in the absence of preliminary relief, [3] that the balance of equities tips in his favor, and [4] that an injunction is in the public interest." *Winter v. Natural Res. Def. Council, Inc.,* 555 U.S. 7, 20 (2008).  A plaintiff must "make a showing on all four prongs" of the *Winter* test to obtain a preliminary injunction.  *Alliance for the Wild Rockies v. Cottrell*, 632 F.3d 1127, 1135 (9th Cir. 2011).  In evaluating a plaintiff's motion for

1

preliminary injunction, a district court may weigh the plaintiff's showings on the *Winter* elements using a sliding-scale approach. *Alliance for the Wild Rockies v. Cottrell*, 632 F.3d 1127, 1135 (9th Cir. 2011). A stronger showing on the balance of the hardships may support issuing a preliminary injunction even where the plaintiff shows that there are "serious questions on the merits . . . so long as the plaintiff also shows that there is a likelihood of irreparable injury and that the injunction is in the public interest." *Id*.

Here, although the Court has not yet determined whether a substantial likelihood of success on the merits of its claims exists against Defendants Kaiser Permanente Medical Center Roseville, Dr. Michael Myette, and DOES 1–10 ("Defendants"), the Court finds that Plaintiff has demonstrated that, without an order from this Court, she will suffer irreparable harm and that the balance of hardships strongly favors Plaintiff. Accordingly, the Court finds that it is in the public interest to issue a temporary restraining order until such time as the Court may hold a hearing on this matter. The Court hereby ORDERS the parties to appear before this Court on MONDAY, MAY 2, 2016 AT 1:30 p.m. for a hearing on this matter.

The Court hereby further ORDERS as follows:

a. Defendants shall be restrained from removing ventilation from Plaintiff Israel Stinson;

b. Defendant Kaiser Permanente Medical Center Roseville shall continue to be legally responsible for Plaintiff Israel Stinson's care and treatment;

c. Defendant Kaiser Permanente Medical Center Roseville shall continue to provide cardio-pulmonary support as is currently being provided;

d. Defendant Kaiser Permanente Medical Center Roseville shall provide medications currently administered to Plaintiff Israel Stinson;

e. Defendant Kaiser Permanente Medical Center Roseville shall continue to provide nutrition to Israel in the manner currently provided to the extent possible to maintain Israel's stability, given his present condition.

/ / /

/ / /

1 | These orders shall remain in effect until the conclusion of the hearing on this matter, scheduled
2 | for Monday, May 2, 2016 at 1:30 p.m. before this Court.

4 |        IT IS SO ORDERED.

6 | Dated:  April 28, 2016

Troy L. Nunley
United States District Judge